UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

BARBARA CARRINGTON,

    Plaintiff,

vs.

FARMA SCI LIFE, INC. F/K/A FARMA
VENTURES INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, BARBARA CARRINGTON ("Ms. Carrington or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, FARMA SCI LIFE, INC. F/K/A FARMA VENTURES INC. ("Defendant" or "FARMA"), and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Pompano Beach, Broward County, Florida.

4. Defendant is located and conducts business in Pompano Beach, Broward County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same set of operative facts and circumstances as her ADA claim.

9. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

## CONDITIONS PRECEDENT

10. On or about March 19, 2020, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination.

11. On or around September 21, 2020, the EEOC issued Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her disability discrimination claim within ninety (90) days of her receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Carrington worked for FARMA in Pompano Beach, Broward County, Florida, as a CBD Fronter from January 7, 2019, until her termination on October 6, 2019.

16. Ms. Carrington worked without issue until August 5, 2019, when she experienced a serious and sharp pain in her left leg.

17. That day, Ms. Carrington rushed to the Emergency Room and her physicians diagnosed her with Shingles, which is considered a protected disability under the ADA/FCRA, as it affected major life activities including, but not limited to, walking and working.

18. Immediately after her diagnosis, Ms. Carrington informed Supervisor, Jody Freeman of her disability diagnosis.

19. Due to her disabilities' contagious nature, Ms. Carrington's physician recommended the reasonable accommodation that Plaintiff be allowed a short time off work until her symptoms subside.

20. Ms. Carrington requested these reasonable accommodations to both Ms. Freeman and Human Resources Representative, Elisabeth Stark.

21. When Ms. Carrington asked Mr. Freeman what FARMA's process would be for returning to work, Mr. Freeman grew anxious and commanded Plaintiff not to return to work until she was contacted by FARMA.

22. On August 12, 2019, FARMA Employee, Bernice Johns, delivered two (2) envelopes to Ms. Carrington informing her to submit her doctor's notes and any accommodation requirements for her disability.

23. Pursuant to this, on August 15, 2019, Ms. Carrington met with her physician, who upon examining her, advised Plaintiff that her symptoms had subsided, that she was no longer contagious, and that she was able to return to work on August 19, 2019, without any accommodations.

24. Immediately after the visit, Ms. Carrington called Mr. Freeman and informed him of her clearance to return to work.

25. After being informed of Plaintiff's ability to return to work, Mr. Freeman became agitated and informed Ms. Carrington that she could not return to work despite her doctor's clearance and that he would have to speak to Human Resources about the matter.

26. Before terminating the call, Mr. Freeman advised Plaintiff that he would reach out to her by 5:00p.m. that day, which never happened.

27. Moments after Mr. Freeman failed to call her as promised, Ms. Carrington tried to reach him several times, but her calls went ignored, and she was only able to leave voicemail messages.

28. Afraid to lose her position, Ms. Carrington attempted to reach FARMA's Human Resources Department, but she could not leave a message, as the voicemail was full.

29. Finally, in November 2019, Ms. Carrington as able to contact Ms. Stark through text message after scouring FARMA's website for her phone number and requested a status update on her return to work and employment status.

30. Ms. Stark failed to respond to Ms. Carrington's request.

31. On November 4, 2019, Ms. Carrington then sent an email to Human Resources Manager, Natalie Castellano as well as Ms. Stark, inquiring why she was being kept in the dark about her employment status.

32. In response, Ms. Stark informed Plaintiff that FARMA had actually terminated her employment back on October 6, 2019, yet never informed her of same.

33. It is clear that FARMA discriminated against Ms. Carrington due to her disability and need for reasonable accommodations.

34. Defendant did not have a legitimate, non-discriminatory reason for its actions.

35. FARMA terminated Ms. Carrington's employment owing to her disability and requests for accommodation, and/or its perception of Ms. Carrington as disabled.

36. The timing of Plaintiff's disclosure of her disability and FARMA's mistreatment of Plaintiff and termination of Plaintiff's employment creates a close temporal proximity between the events.

37. Ms. Carrington's health condition is considered a protected disability under the ADA.

38. Plaintiff was qualified to perform the essential functions of the position, but FARMA believed that due to her disability, and/or its perception of Plaintiff's disability, Plaintiff could not continue employment with Defendant.

39. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to

perform the essential functions of his or her job, unless doing so would impose an undue hardship.

40. Defendant failed to accommodate Plaintiff's disability and related symptoms, despite being able to without undue burden.

41. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

42. Defendant lacked a good faith basis for its actions.

43. FARMA was aware of Ms. Carrington's ADA and FCRA-protected medical condition and her need for accommodation.

44. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring reasonable accommodation for same.

45. Ms. Carrington is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the CBD Fronter position.

46. Reasonable accommodation would have permitted Ms. Carrington to perform her job duties and would have imposed no undue hardship on Defendant.

47. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of her medical condition, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

48. Defendant's reason for terminating Plaintiff's employment is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

49. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

50. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties with or without reasonable accommodation.

51. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disability and need for medical treatment/accommodation.

52. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

56. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

57. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

58. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of her disability and/or "perceived disability."

59. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to

sleeplessness, crippling anxiety, loss of consortium, and family discord.

60. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

61. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

65. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and

injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

69. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

71. The discrimination to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

72. Defendant unlawfully terminated Plaintiff's employment based on her medical condition and disability, and/or perceived disability.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 15th day of December, 2022.

                                              Respectfully Submitted,

                                              By: **/s/ Noah E. Storch**
                                              Noah E. Storch, Esq.
                                              Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                              10368 W. State Rd. 84 Suite 103
                                              Davie, FL 33324
                                              Telephone:  (866) 344-9243
                                              Facsimile:    (954) 337-2771
                                              E-mail: noah@floridaovertimelawyer.com

                                              *Attorneys for Plaintiff*